**UNITED STATES of America, Plaintiff–Appellant,**

**v.**

**Wilfred Page VAN LOBEN SELS, Defendant–Appellee.**

No. 98–10355.

United States Court of Appeals, Ninth Circuit.

April 14, 2000.

Before: SNEED, PREGERSON, Circuit Judges and CARTER, District Judge [1]

ORDER AMENDING OPINION AND DENYING PETITION FOR PANEL REHEARING AND REHEARING EN BANC

The slip opinion filed December 30, 1999 [198 F.3d 1161], is amended as follows:

At slip opinion page 14995 [198 F.3d at 1162] by changing "2Q1.1(b)(1)(A)" to "2Q1.2(b)(1)(A)".

At slip opinion page 14998 [198 F.3d at 1164] by changing "2Q1.1(b)(1)(A)" to "2Q1.2(b)(1)(A)".

At slip opinion page 14999 [198 F.3d at 1164] by changing "2Q1.1(b)(1)(A)" to "2Q1.2(b)(1)(A)".

At slip opinion page 14996, n.3 [198 F.3d at 1163], immediately preceding the sentence beginning "LAMC § 64.30(b)(1) provides, in pertinent part, ...," add the sentence "WLBT's NPDES permit states that 'This permit does not in any way authorize the permittee to violate any term or provision

---

**1.** Honorable David O. Carter, United States District Judge for the Central District of California, sitting by designation.

of the Municipal Code governing industrial waste disposal or any regulation of the Board of Public Works made pursuant thereto.'"

At slip opinion page 14996 [198 F.3d at 1163], delete the sentences "Van Loben Sels was aware that the wastewater transported from Gibson's Bakersfield facility contained hazardous waste comprised of benzene contained in concentrations greater than the regulatory limit of 0.5 parts per million ("ppm"), in violation of the statute. *See* 40 C.F.R. § 261.24," and replace with "Van Loben Sels was aware that the wastewater transported from Gibson's Bakersfield facility contained levels of benzene in excess of that permitted by state and federal law."

At slip opinion page 14997 [198 F.3d at 1163], delete the sentence "By not properly treating the wastewater, Gibson avoided approximately $2 million in treatment costs and secured a significant economic advantage over its competitors in the waste treatment business," and replace with "By not properly treating the wastewater, Gibson avoided significant treatment costs and might well have secured a significant economic advantage over its competitors in the waste treatment business."

The panel has voted to deny the petition for rehearing. Judge Pregerson has voted to reject the petition rehearing en banc and Judge Sneed so recommends.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. *See* Fed. R.App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are denied. All other pending motions are denied as moot.